IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY POE, ) | |
|     Movant, ) | |
| vs. ) | No. 3:17-CV-2339-N-BH |
| ) | No. 3:15-CR-0170-N (3) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 1), filed on September 1, 2017, should be **DENIED** with prejudice.

**I.  BACKGROUND**

Anthony Poe (Movant) challenges his federal conviction and sentence in Cause No. 3:15-CR-170-N.  The respondent is the United States of America (Government).

**A.     Plea and Sentencing**

On November 10, 2015, Movant was charged by superseding information with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §  841(a)(1), (b)(1)(B) (count one), and interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2.  (*See* doc. 53.)[1]  He pleaded guilty on December 15, 2015.  (*See* doc. 232.)

In the supporting factual resume, Movant stipulated to certain facts and admitted that he knowingly possessed with intent to deliver over 28 grams of crack cocaine, which is a controlled

---

[1]  Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:15-CR-170-N(3).

substance. (*See* doc. 56 at 3-4.) He also admitted that he obstructed, delayed, or affected interstate commerce by aiding and abetting in the robbery of a store, and that in the criminal venture, he "knowingly participated in and sought action for it to be successful by using actual or threatened force, violence, or fear of injury in committing the robbery." (*See* doc. 56 at 4-5.)

In a plea agreement, Movant stated that he understood and waived his rights to have the case presented to a grand jury, to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc.55 at 1.) He understood the nature and elements of the crime and agreed that the factual resume was true. (*See id*. at 1-2) The plea agreement set out the range of punishment and stated that he had discussed the federal sentencing guidelines with counsel, and that he understood that the sentence would be imposed by the Court after consideration of the sentencing guidelines. (*See id*. at 2-3) He understood that no one could predict with certainty the outcome of the Court's consideration of the guidelines, which were advisory and not binding. (*See id*.) He waived his right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or resulting from an arithmetic error, to challenge the voluntariness of his plea or waiver, or to bring a claim of ineffective assistance of counsel. (*See id*. at 5.) He had reviewed all legal aspects and facts of the case with counsel. (*See id*.) Counsel had explained the plea agreement, Movant's rights affected by the plea agreement, and the alternatives available to him. (*See id*.) He believed that it was in his best interest to plead guilty. (*See id*.) He acknowledged that his plea was freely and voluntarily made and not the result of force or threats or of promises other than those set out in the plea agreement. (*See id*. at 4-5.) In exchange, the

Government agreed not to bring any additional charges against him based on the underlying conduct and related to his guilty plea. (*See id.* at 4.)

On December 15, 2015, Movant and counsel appeared for his guilty plea. (*See* doc. 69.) Movant was cautioned and examined under oath about each of the subjects set out in Fed. R. Crim. P. 11. The Court found that the guilty plea was knowledgeable and voluntary, and that the offenses charged were supported by an independent basis in fact containing each of the essential elements of the offenses, and ultimately accepted it. (*See* doc. 73; doc. 82.)

On March 22, 2016, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2015 United States Sentencing Guidelines Manual (USSG). (*See* doc. 91 at 11, ¶ 41.) The base offense level for count one was 24. (*See id.* at 11, ¶ 44.) Two offense levels were added because Movant possessed a dangerous weapon, and another two levels were added for maintaining a premise for the purposes of distributing a controlled substance. (*See id.* at 11, ¶ 45; 12, ¶ 46.) The adjusted offense level was 28. (*See id.* at 12, ¶ 50.)

The base level for count two was 20. (*See id.* at 12, ¶ 51.) Six levels were added because a firearm was used. (*See id.* at 12, ¶ 52.) Two levels were added because a victim sustained bodily injury, and four levels were added because victims were abducted. (*See id.* at 12, ¶¶ 53, 54.) The adjusted offense level for count two was 32. (*See id.* at 12, ¶ 58.) The greater offense level of 32 was used, and two offense levels were added because there were two offenses. (*See id.* at 13, ¶¶ 59-61.) Three levels were reduced for acceptance of responsibility, resulting in a total offense level of 31. (*See id.*, ¶¶ 64-66.) With a criminal history category of one, the resulting guideline range was 108 to 135 months of imprisonment. (*See id.* at 18 ¶ 94.)

Counsel objected to the increases for maintaining a premise for the purpose of distributing

a controlled substance and for using a firearm in the robbery. (*See* doc. 118 at 1, 2.) An addendum to the PSR adhered to the original PSR despite the objections. (*See* doc. 124-1 at 1-2.)

At the sentencing hearing on August 29, 2016, the Court adopted the PSR. (*See* doc. 137 at 1.) It sentenced Movant to 120 months' imprisonment for each count, with the sentences to run concurrently. (*See* doc. 136 at 2.) Movant did not appeal.

**B.    Substantive Claim**

Movant raises the following grounds of ineffective assistance of counsel for:

> (a) not filing for any downward departures, even though she said that she would;
>
> (b) persuading him to "take a plea" by saying or insisting that it was the "best [he] could get;"
>
> (c) watching the "prosecutor and DA" threaten him;
>
> (d) not telling him that he was waiving his right to appeal;
>
> (e) telling him to send to her the letter he wrote to the court so she could review it, but she did not send it to the court, even though she said that she would;
>
> (f) not filing a "minimal memorandum," even though she said that she would.

(3:17-CV-2339-N, doc. 2 at 4.) The Government filed a response[2], and Movant filed a reply. (*See id*., doc. 6, doc. 7.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral

---

[2] The Government's response cites to a sentencing transcript, but no transcript is reflected on the docket of the criminal case, and it did not file a transcript of the sentencing hearing in this case.

challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. VOLUNTARINESS OF PLEA

By claiming that counsel persuaded him to "take a plea" by saying or insisting that it was the "best [he] could get," she saw the prosecutor threaten him with other robbery charges, and she did not tell him that he was waiving his right to appeal, (*see* doc. 1 at 4; doc. 7 at 1, 2), Movant appears to allege that his guilty plea was coerced or involuntary.

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v.*

5

*United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The Court must only ascertain whether the defendant has

6

a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

**A.    Coercion and Threats**

Movant contends that counsel coerced him into pleading guilty by telling him that it was "best [he] could get." He also asserts that the prosecutor threatened him with other robbery charges.

As discussed, Movant admitted in the factual resume that he committed the offenses. (*See* doc. 56 at 3-5.) He stated in the plea agreement that he understood the nature and elements of the crime and that the factual resume was true. (*See* doc. 55 at 1-2) The plea agreement set out the

7

range of punishment and stated that he had discussed the federal sentencing guidelines with counsel, and that he understood that the sentence would be imposed by the Court after consideration of the sentencing guidelines. (*See id*. at 2-3) It stated that he had reviewed all legal aspects and facts of the case with counsel. (*See id*.) Counsel had explained the plea agreement, Movant's rights affected by the plea agreement, and the alternatives available to him, and he believed that it was in his best interest to plead guilty. (*See id*.) He acknowledged that his plea was freely and voluntarily made and not the result of force or threats or of promises other than those set out in the plea agreement. (*See id*. at 4-5.)

Inmates who challenge their guilty pleas on collateral review must overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant has failed to overcome the presumption of regularity and great evidentiary weight accorded to court records. *See Abreo*, 30 F.3d at 32. His sworn statements in the plea documents contradict his claim that he was coerced or threatened into pleading guilty. A guilty plea is not rendered involuntary simply because it was induced as a result of a plea bargain. *See United States v. Rodriguez-DeMaya*, 674 F.2d 1122, 1127 (5th Cir. 1982). A guilty pleas is not involuntary simply because of the threat of other charges. *See United States v. Felice*, 272 F. App'x 393, 396 (5th Cir. 2008); *United States v. Prince*, 868 F.2d 1379, 1385 (5th Cir. 1989). Movant has not

8

shown that his guilty plea was involuntary due to any coercion or impermissible threats.

**B.    <u>Waiver of Appeal</u>**

Movant contends that counsel did not tell him that he was waiving his right to appeal.

As discussed, Movant acknowledged in the plea agreement that his right to appeal or collaterally challenge his conviction were limited. He waived his right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or resulting from an arithmetic error, to challenge the voluntariness of his plea or waiver, or to bring a claim of ineffective assistance of counsel. (*See id*. at 5.) He had reviewed all legal aspects and facts of the case with counsel. (*See id*.) Counsel had explained the plea agreement, Movant's rights affected by the plea agreement, and the alternatives available to him. (*See id*.)

Movant has not overcome the presumption of regularity and great evidentiary weight accorded to court records. *See Abreo*, 30 F.3d at 32. He has not shown that his plea was involuntary because of any failure by counsel to inform him that he waived his right to appeal.

### IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the

*Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v.*

10

*Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770–71 (1970)).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

**A.      Coerced Plea**

As discussed, Movant contends counsel was ineffective by coercing him into pleading guilty and observing the prosecutor threaten him with other charges. He also claims that counsel failed to inform him that he was waiving his right to appeal. His sworn statements in the plea documents contradict his claims of ineffective assistance of counsel regarding his guilty plea. *See Blackledge*, 431 U.S. at 73-74. He has not shown deficient performance or prejudice, or that he is entitled to relief on these grounds.

**B.      Downward Departures**

Movant contends that he told counsel that he was eligible for downward departures, and she

agreed to seek them, but she did not file anything seeking a downward departure. (*See* doc. 1 at 4, doc. 7 at 1.) He does not remember the downward departures that they discussed. (*See* doc. 7 at 1.)

Movant does not identify any downward departures that counsel should have sought. He has not shown that he was entitled to any downward departure that he did not receive, or that there was any basis for counsel to argue for a downward departure. He is not entitled to relief on his conclusory claim. *See Woods*, 870 F.2d at 288 n.3.

**C.      Letter**

Movant contends that counsel told him to send to her the letter he wrote to the court so she could review it, but counsel did not send it to the court, even though she said that she would. Movant has not shown that there was any letter or identify the contents of the letter. He is not entitled to relief on his conclusory claim. *See Woods*, 870 F.2d at 288 n.3.

**D.      Sentencing Memorandum**

Movant contends that counsel did not file a "minimal memorandum," even though she said that she would file one. Counsel did file objections to the PSR, however. (*See* doc. 118.) Movant does not identify any basis for other objections to the PSR calculations that counsel should have presented in a sentencing memorandum. He is not entitled to relief on his conclusory claim. *See Woods*, 870 F.2d at 288 n.3.

## V.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED on this 12th day of June, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE