**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ANTHONY POE, | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:17-CV-2339-N-BH |
| | ) | No. 3:15-CR-0170-N (3) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Application to Proceed In Forma Pauperis By A Prisoner*, received on December 12, 2019 (doc. 142). Based on the relevant findings and applicable law, the application is also liberally construed as a request for an extension of time to file a notice of appeal, and both should be **DENIED**.

## I. BACKGROUND

On November 10, 2015, Anthony Poe (Movant) was charged by superseding information with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (count one), and interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2 (count two). (*See* 3:15-CR-170-N-3, doc. 53.)[2] He pleaded guilty to both counts on December 15, 2015. (*See id.*, docs. 69, 73, 82.) On August 29, 2016, the Court sentenced him to 120 months' imprisonment on each count, with the sentences to run concurrently. (*See id.*, docs. 135, 136 at 2.) Judgment was entered on September 2, 2016. (*See id.*, doc. 136.) Movant did not appeal.

Movant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 that

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to Movant's habeas action, No. 3:17-CV-2339-N.

was received on September 1, 2017. (*See* doc. 2.) It was denied with prejudice on July 23, 2019, and a certificate of appealability also was denied. (*See* docs. 10, 11, 12.)

On December 8, 2019, Movant signed an application to proceed *in forma pauperis* (IFP) that was received on December 12, 2019, and it was filed in the underlying criminal case because it only bore the criminal case number. (*See* 3:15-CR-170-N-3, doc. 142.) By order dated December 12, 2019, the Court noted that it appeared that Movant was actually seeking to appeal the July 23, 2019 judgment in his habeas case, and not the September 2, 2016 judgment in the criminal case. (*See id.*, doc. 143.) It directed the Clerk of Court to terminate the application in the criminal case and to file it in this habeas case. (*Id.*)

## II. NOTICE OF APPEAL

Federal Rule of Appellate Procedure 4(a)(B)(ii) requires that a notice of appeal in a civil case involving the United States as a party be filed within sixty days of the entry of the judgment or the order being appealed. It also provides that, upon a finding of excusable neglect or good cause, a district court may extend up to thirty days the time to file a notice of appeal. FED. R. APP. PROC. 4(a)(5)(A)(ii), (a)(5)(C).

Because Movant's IFP application was filed after the expiration of the sixty days for filing a notice of appeal, it is liberally construed as a request for an extension of time to file the notice of appeal. Even if so construed, however, his notice of appeal in the habeas case was due on September 23, 2019, and the time to appeal could only be extended to October 23, 2019. Movant signed the application to proceed *in forma pauperis* on December 8, 2019.[1] Even if he could show excusable neglect or good cause for the untimely filing of the IFP application, the time to appeal

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

cannot be extended to December 8, 2019, in order to make his notice of appeal timely. The request for an extension of time to file a timely notice of appeal should be denied.

### III.  *IN FORMA PAUPERIS* ON APPEAL

Because Movant's notice of appeal is untimely, the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3). *See Evans v. Sims*, 534 F. App'x 228, 228-29 (5th Cir. 2013) (per curiam). His request to proceed *in forma pauperis* on appeal should be denied.

### IV.  RECOMMENDATION

The request for an extension of time to file the notice of appeal and request to proceed *in forma pauperis* on appeal should be **DENIED**.

**SO RECOMMENDED on this 16th day of January, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3